**Balwinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72396.
Agency No. A77–818–456.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Balwinder Singh, El Sobrante, CA, pro se.

Regional Counsel, Laguna Niguel, CA, John C. Cunningham, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Balwinder Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings. We have partial jurisdiction pursuant to 8 U.S.C. § 1252. We dismiss

the petition for review in part and deny it in part.

To the extent that Singh challenges the BIA's failure to exercise its discretionary authority to reopen his proceedings sua sponte, we lack jurisdiction to review this claim. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Reviewing the BIA's denial of Singh's motion to reopen for abuse of discretion, we conclude that the Board did not act arbitrarily, irrationally, or contrary to law. *See Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). Singh's motion to reopen stated that he would "later supplement this motion to reopen with a sworn declaration and a brief setting forth legal and factual analysis in support of the present motion." No such documentation was submitted to the BIA in the three months leading up to its decision, however, and Singh has offered no explanation of why that time period was insufficient. This is not a case in which "counsel's ineffective assistance was obvious and undisputed on the face of the record." *Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004). Singh has therefore failed to overcome the presumption "that the Board does not abuse its discretion when it obligates petitioners to satisfy [the] literal requirements [of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988) ]." *Id.*

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.