**Obdulia RESENDIZ YEPEZ, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 04–70837, A75–705–791.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 22, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael S. Cabrera, Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM***

Obdulia Resendiz Yepez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, 8 C.F.R. § 1003.3(c)(1), and deny the petition for review.

The BIA did not abuse its discretion in denying Yepez's motion to file an untimely appeal brief, as Yepez did not meet the requirements for establishing ineffective assistance of counsel enumerated in *Matter of Lozada*, 1988 WL 235454, 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 598–99 (9th Cir. 2004) (upholding BIA's denial of a motion for failure to comply with the *Lozada* requirements, where alien did not provide sufficient evidence of the representation agreement and failed to notify the representative of the allegations against him).

Because Yepez failed to comply with the *Lozada* requirements for establishing ineffective assistance of counsel, her due process claim also fails. *See id.* at 596.

Yepez's remaining contentions lack merit.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.