Yuriy Vladimirovich **BULANKOV**, Petitioner,

v.

Alberto R. **GONZALES**,\* Attorney General, Respondent.

No. 04–71754.

Agency No. A75–707–679.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Irena Karpinski, Washington, DC, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shelley R. Goad, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM***

Yuriy Vladimirovich Bulankov, a native and citizen of Belarus, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to reopen removal proceedings following an in absentia order of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v.*

*INS,* 311 F.3d 960, 964 (9th Cir.2002), we deny the petition for review in part and dismiss in part.

■ The BIA did not abuse its discretion by finding that Bulankov's motion to reopen was untimely and did not warrant equitable tolling. *See* 8 U.S.C. § 1229a(b)(5)(C) (requiring a motion to reopen based on "exceptional circumstances" to be filed within 180 days after the date of the in absentia removal order). Bulankov's motion was filed approximately two years after the IJ ordered him removed in absentia. To invoke equitable tolling, Bulankov contends he was defrauded by a "notario" who falsely stated she was an attorney. While Bulankov submitted an affidavit attesting to the agreement with the "notario," he failed in all other respects to comply with the procedural requirements set forth in *Matter of Lozada,* 1988 WL 235454, 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004). As the ineffective assistance is not obvious from the record, and Bulankov provided no other evidence of the "notario's" existence, or misconduct, the BIA did not abuse its discretion in denying Bulankov's motion to reopen. *See id.* at 597–98.

■ To the extent Bulankov challenges the BIA's failure to exercise its discretionary authority to reopen his proceedings sua sponte, we lack jurisdiction to review this contention. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Bulankov's other contentions are without merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.