Diego NUNEZ VALLE; Rosa Maria Serrano Mendoza; Diego Alexis Nunez Serrano; Leshly Nathaly Nunez Serrano, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73273.

United States Court of Appeals, Ninth Circuit.

---

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Diego Nunez Valle, Santa Maria, CA, pro se.

Rosa Maria Serrano Mendoza, Santa Maria, CA, pro se.

Diego Alexis Nunez Serrano, Santa Maria, CA, pro se.

Leshly Nathaly Nunez Serrano, Santa Maria, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM **

Lead petitioners Diego Nunez Valle and Rosa Maria Serrano Mendoza, husband and wife, and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings based on ineffective assistance of counsel.[1] We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), and we deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen because petitioners failed to comply with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). *See Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004).

The BIA also acted within its discretion in denying the motion to reopen for failure to establish prejudice because petitioners contend only that the notary's advice led to the institution of removal proceedings, not that his actions affected the fairness of the proceedings. *See Lara–Torres,* 383 F.3d at 973–74 ("Removal proceedings do not become constitutionally unfair simply because they are precipitated in part by an attorney's advice ... or because the illegal alien might believe that he could avoid detection until eligible for another form of relief.")

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The other two petitioners are lead petitioners' minor children and derivative beneficiaries of their applications for cancellation of removal.