Atanacio CASTELLANOS–ZUNIGA; Maria Amelia Castellanos and Jose Alejandro Castellanos; Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–72886.

United States Court of Appeals, Ninth Circuit.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted July 11, 2005.**

Decided July 13, 2005.

---

Robert G. Berke, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM ***

Atanacio Castellanos–Zuniga, his wife Maria Amelia Castellanos and their son Jose Alejandro Castellanos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's denial of their motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir.2004), and we review due process claims de novo, *see id.* We deny the petition for review.

The BIA did not abuse its discretion in concluding that petitioners were not entitled to reopening based on ineffective assistance of counsel because petitioners' motion to reopen did not satisfy the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and it is disputed whether petitioners stayed in contact with their attorney so that he could provide them with notice of their hearing. *See Reyes*, 358 F.3d at 597 (indicating that the *Lozada* factors are not strictly applied where counsel's ineffective assistance is obvious and undisputed on the face of the record).

Petitioners' due process claim fails because they have not shown error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

challenge to deportation proceedings, [an alien] must show error and substantial prejudice.").

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.