Genoveva RODRIGUEZ–FLORES,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–73116.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 27, 2005.

Richard L. Waldron, Esq., Richard L. Waldron Law Office, Anaheim, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., DOJ—U.S. Department of Justice, Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Genoveva Rodriguez–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's denial of her motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, and we review due process claims de novo. *Reyes v. Ashcroft,* 358 F.3d 592, 595 (9th Cir.2004). We deny the petition for review.

The BIA did not abuse its discretion in affirming the denial of Rodriguez–Flores's motion to reopen based on ineffective assistance of counsel because even if she had complied with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), *see Reyes,* 358 F.3d at 597,

*Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

her claim would nevertheless fail because she did not demonstrate that the allegedly deficient representation affected the outcome of the proceedings. *See Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir.2003) (concluding that an alien could not establish prejudice where he failed to demonstrate the requisite hardship to qualify for relief). Because Rodriguez–Flores did not provide evidence to establish that she qualified for either cancellation of removal or voluntary departure, the BIA did not abuse its discretion in concluding that the petitioner was not prejudiced by any ineffective assistance of counsel. *See Lata*, 204 F.3d at 1246 (holding that a petitioner must show "error and substantial prejudice" to prevail on an ineffective assistance of counsel claim).

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.