**Juan Jose SOLORIO CAMACHO,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 04–72402.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Juan Jose Solorio Camacho, Phoenix, AZ, pro se.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Song Park, Esq., Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Juan Jose Solorio Camacho, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its dismissal of his appeal from an immigration judge's denial of his application for cancellation of removal, and his motion to reopen proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider and a motion to reopen. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We review de novo questions of law and claims of due process violations, *see id.,* and we deny the petition for review.

The BIA did not abuse its discretion in denying reconsideration because Solorio Camacho identified no error of law or fact in the BIA's determination that Solorio Camacho lacked a qualifying relative. *See* 8 U.S.C. § 1229(b)(1)(D).

The BIA did not abuse its discretion in denying reopening because not only did Solorio Camacho provide no evidence that his counsel performed deficiently or acted in a fraudulent manner, Solorio Camacho also failed to satisfy the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988). *See Reyes v. Ashcroft,* 358 F.3d 592, 596–97 (9th Cir.2004).

Contrary to Solorio Camacho's contention, Congress comported with equal protection when it repealed suspension of deportation for aliens who were placed in removal proceedings on or after April 1, 1997, while permitting aliens placed in deportation before that date to maintain their applications for suspension of deportation. *See Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (legislative classifications in the immigration context satisfy equal protection if they are rationally related to a legitimate government purpose); *Vasquez–*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.