**Raul SALAZAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73431.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 17, 2006.

Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Waier, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, Blair T. O'Connor, Esq., Jennifer J. Kenney, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Raul Salazar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings, in which he alleges ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we deny the petition for review.

The BIA did not abuse its discretion in denying Salazar's motion to reopen on account of his failure to comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). "[W]e have never excused a petitioner's failure to provide an affidavit where, as here, the facts underlying the petitioner's claim were not plain on the face of the administrative record." *Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004) (internal

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quotation marks and citation omitted). The nature of Salazar's agreement with attorney Xavier Vega, which is central to his claim, is not evident from the record before us. Accordingly, we deny the petition for review. *See id.* at 598 (noting that petitioner's "cursory factual allegations find little support in the administrative record" and that he "offers no reason why he could not have filed an appropriate affidavit").

**PETITION FOR REVIEW DENIED.**

