**Catherine E. FRANCISCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74769.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Richard M. Loew, Aquino & Aquino, Covina, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Catherine E. Francisco, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") order denying Francisco's motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review for abuse of discretion the denial of a motion to reopen. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). We deny the petition for review.

The IJ did not abuse his discretion in denying Francisco's motion to reopen on the basis that Francisco failed to comply with the procedural guidelines set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004). Contrary to Francisco's contention, the alleged ineffectiveness of the attorney who represented her before the immigration court is not plain from the record. *Cf. Escobar–Grijalva v. INS,* 206 F.3d 1331, 1335 (9th Cir.2000) (holding that the BIA's "reasonable rules for the normal ineffective assistance claim" do not apply where facts demonstrating an attorney's ineffectiveness were "plain on the face of the administrative record").

**PETITION FOR REVIEW DENIED**