**Belay WOLDEMARIAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76471.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Rochelle A. Nwadibia, Privitera and Nwadibia, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, Meredith Burrell, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Belay Woldemariam, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order denying Woldemariam's motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

The BIA did not abuse its discretion in denying Woldemariam's motion to reopen because Woldemariam failed to comply with all of the procedural guidelines set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir.2004). Contrary to Woldemariam's contention, the alleged ineffectiveness of the attorney who represented him before the immigration court is not plain from the record. *Cf. Escobar–Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir.2000) (holding that the BIA's "reasonable rules for the normal ineffective assistance claim" do not apply where facts demonstrating an attorney's ineffectiveness are not "plain on the face of the administrative record").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.