**Jubileo Balbuena JAIMES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73846.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed March 1, 2007.

Jubileo Balbuena Jaimes, La Puente, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jubileo Balbuena Jaimes, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

open removal proceedings based on ineffective assistance of counsel. We review the denial of a motion to reopen for abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA correctly determined that Balbuena Jaimes did not meet the requirements for asserting an ineffective assistance of counsel claim set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1226–27 (9th Cir.2002) (for the BIA to grant a motion to reopen based on ineffective assistance of counsel, petitioner must: (1) provide an affidavit describing agreement with counsel in detail; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities and if not, why not). Here, Balbuena Jaimes' declaration does not clearly articulate his agreement with the non-attorney representative he allegedly hired to assist him with his appeal to the BIA, and the record contains no evidence that Balbuena Jaimes informed this representative of the charges against him. *See Reyes v. Ashcroft,* 358 F.3d 592, 594, 597–98 (9th Cir.2004) (noting the importance of the notice and affidavit requirements in assessing the merits of an ineffective assistance of counsel claim).

**PETITION FOR REVIEW DENIED.**