**Martin Ramirez LUNA; Amelia Rodriguez Ruiz, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70938.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 13, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

202

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioners.Nadeem H. Makada, Esq., Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Edward A. Olsen, Esq., Office of the U.S. Attorney, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Edward A. Olsen, Esq., Office of the U.S. Attorney, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Martin Ramirez Luna and his wife Amelia Rodriguez Ruiz, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We grant the petition for review.

We disagree with the BIA's conclusion that the petitioners failed to substantially comply with the requirements for asserting an ineffective assistance of counsel claim set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Castillo–Perez v. INS,* 212 F.3d 518, 526 (9th Cir.2000) *(Lozada* factors are not inflexible, and are "intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The record shows that petitioners' former counsel agreed to submit their cancellation of removal applications without direct testimony, on the strength of two short affidavits and little other hardship evidence. Petitioners also submitted evidence with their motion to reopen that demonstrated their former attorney had been notified by letter of the allegations against her. *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir.2003) (noting importance of notice to counsel and opportunity to respond). Petitioners have substantially complied with the *Lozada* requirements by demonstrating that an adequate record exists to examine their claim, and that their complaint is a legitimate and substantial one, and the BIA erred when it determined otherwise.

Additionally, the IJ granted voluntary departure for a 60–day period and the BIA streamlined in the underlying order and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." On remand, we instruct the BIA to revisit Petitioners' voluntary departure order.

**PETITION FOR REVIEW GRANTED; REMANDED.**