Espiridion G. FIERRO, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72443.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Rosario Maria Hernandez, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esquire, Mark Christopher Walters, Esquire, Assistant Director, U.S. Depart-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**648**

ment of Justice, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Espiridion G. Fierro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order, and denying his claim of ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Fierro's contentions related to the agency's decision to commence removal proceedings. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002).

The BIA properly denied Fierro's ineffective assistance of counsel claim because he did not satisfy the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance is not "obvious and undisputed on the face of the record." *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir.2004); *see also Lara–Torres v. Ashcroft*, 383 F.3d 968, 973–74 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) ("Removal proceedings do not become constitutionally unfair simply because they are precipitated in part by an attorney's advice ... or because the illegal alien might believe that he could avoid detection until eligible for another form of relief."). Moreover, the BIA correctly determined that Fierro failed to demonstrate prejudice. *See Iturribarria*, 321 F.3d at 901.

Fierro's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

