**Taha EL KHERBAOUI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–73838.**

United States Court of Appeals, Ninth Circuit.

eral of the United States. Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Larry A. Burns, U.S. District Judge for the Southern District of California, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 15, 2009.*

Filed Oct. 19, 2009.

Scott Allen Marks, Law Offices of Scott A. Marks, Seattle, WA, Matthew Weber, Attorney, Miami, FL, for Petitioner.

Robert Markle, OIL, Michele Yvette Frances Sarko, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,** District Judge.

## MEMORANDUM ***

Taha El Kherbaoui, a native and citizen of Morocco, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for adjustment of status and ordering his removal. El Kherbaoui maintains the BIA erred by considering his juvenile criminal adjudication as if it were an adult criminal conviction, and by denying his motion to remand for ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

Where, as here, the BIA adopts the IJ's decision but adds some of its own reasoning, this Court reviews both decisions. *Nehad v. Mukasey*, 535 F.3d 962, 966 (9th Cir.2008) (citing *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir.2005)). The BIA did not consider El Kherbaoui's juvenile offense as an adult conviction, but did consider his recent conduct underlying that offense, and other related behavior. Evidence of conduct that does not result in a conviction may be considered in denying discretionary relief, *Paredes–Urrestarazu v. U.S. I.N.S.*, 36 F.3d 801, 810 (9th Cir. 1994), so the BIA did not err in this regard.

El Kherbaoui argued before the BIA that his two former lawyers counseled him to mislead the IJ about his criminal record and other information relevant to the IJ's determination, thereby providing him with ineffective assistance of counsel. Even if we accept El Kherbaoui's allegation that his lawyers advised him to lie, the advice does not excuse his admitted mendacity before the IJ.

We conclude that El Kherbaoui failed to comply with any of the requirements under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance is not obvious on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597–98 (9th Cir.2004). This holding applies equally to El Kherbaoui's allegations about his first two attorneys, and to the third attorney who represented him before the BIA.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry Alan Burns, U.S. District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.