FILED

DEC 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FOUAD PIERRE MICHEL,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-73189

Agency No. A070-542-999

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2009
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Petitioner Fouad Pierre Michel (Michel) challenges the Board of

Immigration Appeal's (BIA) decision upholding the Immigration Judge's (IJ) final

order of removal finding Michel inadmissible due to multiple misrepresentations in

his asylum application and during his removal proceedings.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** "[F]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (citation and alteration omitted). An issue is deemed raised before the BIA only if addressed in an alien's merits brief to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Michel's brief to the BIA did not discuss the materiality requirement, and therefore this argument was not exhausted. Contrary to counsel's assertions, the BIA's conclusory statement of materiality in the BIA's opinion does not establish that the BIA sufficiently considered the issue. *Cf. Socop-Gonzales v. I.N.S.*, 272 F.3d 1176, 1186 (9th Cir. 2001) (en banc) ("Whether or not the decision on the merits was technically before the BIA, the BIA addressed it thoroughly enough to convince us that the relevant policy concerns underlying the exhaustion requirement . . . have been satisfied here.") (citation and alteration omitted).

**2.** Michel failed to comply with the requirements set forth in *Matter of Lozado*, 19 I. & N. Dec. 637 (BIA 1988). His non-compliance cannot be excused, because the face of the record does not plainly reveal any ineffective assistance of counsel. *See Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525-26 (9th Cir. 2000). As a result, the

2

BIA acted within its discretion in denying Michel's ineffective assistance of counsel claim. *See Reyes v. Ashcroft*, 358 F.3d 592, 598 (9th Cir. 2004), *as amended*.

**3.**     Substantial evidence supports the BIA's finding of inadmissibility. Section 8 U.S.C. § 1182(a)(6)(C)(I) provides: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." Michel's misrepresentations on his asylum application and during immigration proceedings enabled him to seek to procure, and actually to obtain, the benefit of employment authorization to which he was not otherwise entitled.

**4.**     We lack jurisdiction to review denials of discretionary relief. *See Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007). To the extent Michel challenges the BIA's discretionary denials of his requests for waiver and voluntary departure, and his motion to remand, we lack jurisdiction. *See id.*

**5.** Michel was not denied due process of the law, because he had an opportunity to present his case and the IJ considered his evidence. *See Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000). Any negative remarks the IJ made regarding Michel's marriage do not reflect the level of bias this court has recognized as violating a petitioner's right to due process. *Cf. id.* (addressing denial of opportunity to present evidence).

**PETITION DISMISSED IN PART, DENIED IN PART.**