**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS M. AGUILAR, | No. 10-73337 |
| Petitioner, | Agency No. A073-972-998 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| DOUGLAS M. AGUILAR, | No. 11-70178 |
| Petitioner, | Agency No. A073-972-998 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2012
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

The Board of Immigration Appeals ("BIA") dismissed Douglas Aguilar's appeal of a removal order, concluding that it lacked jurisdiction because Aguilar waived his right to appeal before the immigration judge ("IJ"). The BIA denied Aguilar's subsequent motion to reopen or reconsider because Aguilar failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Aguilar petitions for review of both BIA decisions. We have jurisdiction under 8 U.S.C. § 1252.

Aguilar's argument that the *Lozada* requirements are invalid because they were adopted by adjudication rather than rulemaking is without merit. *See SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947); *City of Anaheim v. Fed. Energy Regulatory Comm'n*, 723 F.2d 656, 659 (9th Cir. 1984). Aguilar made no attempt to comply with any of the *Lozada* requirements. Further, it is not "obvious and undisputed on the face of the record" that Aguilar's counsel was ineffective. *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004). Therefore, the BIA did not abuse its discretion in denying Aguilar's motion to reopen on the basis of ineffective assistance of counsel.

Aguilar's purported waiver of appeal before the IJ was not "considered and intelligent." *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010); *Biwot v.*

*Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005). The IJ failed to "expressly and personally inform [Aguilar] that he [had] the right to appeal." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir. 2004). Aguilar exhausted his claim that his waiver was not "intelligent" in his motion to reopen.

Although Aguilar did not waive his right to appeal, the BIA did not abuse its discretion in denying the motion to reopen because Aguilar cannot show that he had "plausible grounds for relief." *Ramos*, 623 F.3d at 684. Because of his criminal convictions, the only relief for which Aguilar is eligible is deferral of removal under the Convention Against Torture. The record simply does not support the conclusion that it is "more likely than not" that Aguilar "will be tortured at the instigation of, or with the acquiescence of the [Salvadoran] government" if he is deported. *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc) (quoting *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008)).

**PETITION DENIED.**