**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH ESPINOZA YTAC, | No. 11-70148 |
| Petitioner, | Agency No. A088-220-402 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Elizabeth Espinoza Ytac, a native and citizen of the Philippines, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision denying her motion to

reopen based on ineffective assistance of counsel.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Espinoza Ytac's motion to reopen for lack of prejudice resulting from her former counsel's failure to inform the IJ that she planned to marry a United States citizen and failure to seek a continuance, where Espinoza Ytac concedes that she was not eligible for adjustment of status at the time of her hearing. *See id.* at 794 (prejudice results when counsel's actions may have affected the outcome of the proceedings). In light of the foregoing, we need not address Espinoza Ytac's contentions concerning her compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

The BIA correctly concluded that Espinoza Ytac did not state a cognizable ineffective assistance claim based on former counsel's actions leading to her placement in removal proceedings. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 974 (9th Cir. 2004) ("Removal proceedings do not become constitutionally unfair simply because they are precipitated in part by an attorney's advice . . . , or because the illegal alien might believe that he could avoid detection until eligible for another form of relief.").

**PETITION FOR REVIEW DENIED.**