NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FADEL ALI FARES,<br><br>                    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                    Respondent. | No. 13-72276<br><br>Agency No. A055-677-193<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Fadel Ali Fares, a native and citizen of Lebanon, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The agency did not abuse its discretion in denying Fares's second motion to reopen as untimely, where he filed the motion over two years after his order of removal became final. *See* 8 C.F.R. § 1003.23(b)(4)(ii). Regardless of whether his wife's misrepresentations can form the basis for equitable tolling, Fares failed to establish the due diligence required to toll the filing deadline. *See Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing due to deception, fraud or error, and exercised due diligence in discovering such circumstances). Fares also failed to demonstrate materially changed country conditions to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(i).

The agency did not err in determining that Fares did not establish an ineffective assistance of counsel claim against his prior attorneys where he did not meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-98 (9th Cir. 2004).

Fares contends that the agency violated his right to due process by ruling on his motion to reopen before he had an opportunity to review the record of proceedings to obtain information critical to complying with the requirements of *Matter of Lozada* for his ineffective assistance of counsel claim. This claim fails because his motion did not request that the agency hold his case in abeyance until he reviewed the record. Moreover, he has not established prejudice: because the BIA denied the motion as untimely due to lack of due diligence, Fares's compliance with *Lozada* would not have affected the outcome. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) (due process claim relating to inability to obtain immigration records failed where petitioner could not show that the violation potentially affected his eligibility for relief).

The BIA sufficiently articulated its reasons for dismissing his appeal, *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010), and Fares's contention that the agency failed to consider all relevant factors in its due diligence determination is unsupported by the record.

In light of this dispositive determination, we need not reach his remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**