**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE LUIS GARCIA HUINAC,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-73092

Agency No. A087-681-905

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jorge Luis Garcia Huinac, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not abuse its discretion by denying Garcia Huinac's motion to reopen, where Garcia Huinac received proper notice of the hearing, and failed to establish that exceptional circumstances excused his failure to appear at his hearing. *See* 8 U.S.C. § 1229a(b)(5)(A) (allowing written notice to alien's counsel of record); *id.* at (e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien); *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir. 2004) (exceptional circumstances not demonstrated where alien failed to comply with the requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988), and the alleged ineffective assistance is not obvious on the face of the record).

Garcia Huinac's contentions that the BIA failed to provide a reasoned explanation for its decision and did not sufficiently address issues he raised on appeal are not supported by the record. *See Najmabadi*, 597 F.3d at 990 ("[t]he [BIA] does not have to write an exegesis on every contention" (internal quotes omitted)). Accordingly, Garcia Huinac's due process claims must fail. *See Lata v.*

14-73092

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**