**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Eva Iniguez-Montes,<br><br>           Petitioner,<br><br>     v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>           Respondent. | No. 21-446<br><br>Agency No.     A070-917-691<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Petitioner Eva Iniguez-Montes, native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order upholding an Immigration Judge's ("IJ") denial of Iniguez-Montes' Motion to Reopen Removal Proceedings. Because the BIA affirmed the IJ without opinion, "we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). We review the denial of a motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The agency did not abuse its discretion in concluding that Iniguez-Montes failed to rebut the presumption of effective service by regular mail. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011). Iniguez-Montes admits that the Notice to Appear and removal order were mailed to the correct address. *See* 8 U.S.C. § 1229a(b)(5)(A) ("The written notice . . . shall be considered sufficient . . . if provided at the most recent address provided [by the noncitizen]."). Beyond her unsubstantiated assertion that she did not receive notice, Iniguez-Montes provided no other evidence indicating non-receipt. The removal order was not returned to the Immigration Court as undeliverable.

Moreover, the agency did not abuse its discretion in finding Iniguez-Montes failed to establish an ineffective assistance of counsel claim. Iniguez-Montes failed to meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). She did not submit an affidavit setting forth in detail her agreement with prior counsel, and the record lacks any evidence that prior counsel was notified of Iniguez-Montes' allegations. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004); *Reyes v. Ashcroft*, 358 F.3d 592, 598–99 (9th Cir. 2004). Nor did Iniguez-Montes establish that "the ineffectiveness of counsel was plain on its face." *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (quoting *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir.

2010)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**