Jaime Alfonso ROMERO–ACERO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–75321.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2007 *.

Filed April 9, 2007.

Jaime Alfonso Romero–Acero, San Mateo, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Colette J. Winston, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

## MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

The regulations provide that, absent certain exceptional circumstances, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." See 8 C.F.R. § 1003.2(c)(2). Ineffective assistance of counsel can constitute "exceptional circumstances" under 8 U.S.C. § 1229a(e)(1); however, a motion to reopen based on ineffective assistance of counsel must generally meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The BIA correctly found that petitioner failed to establish that he complied with these procedural requirements. See *Reyes v. Ashcroft*, 358 F.3d 592, 596–99 (9th Cir. 2004). Although petitioner states that he submitted a sworn affidavit regarding his former attorney, the BIA's order states that petitioner did not submit any documents in support of his motion to reopen. Moreover, the certified administrative record does not contain a sworn affidavit, and petitioner did not submit a copy of the affidavit, or any other documents, to this court. Therefore, the BIA did not abuse its discretion in finding that it could not excuse petitioner's untimeliness and in denying petitioner's untimely motion to reopen. See 8 C.F.R. § 1003.2(c)(2); see also *Id.*; *Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. See *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

