Felipe CRUZ–HERNANDEZ; Leticia Barrales–Ramos, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74877.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 \*.

Filed April 27, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM \*\*

Felipe Cruz–Hernandez and Leticia Barrales–Ramos, husband and wife and natives and citizens of Mexico, seek review of the Board of Immigration Appeals'

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Petitioners' failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003). Because the agency's hardship determination is dispositive, we do not consider Petitioners' challenge to the agency's finding with regard to continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres,* 327 F.3d at 889 (noting that an applicant must establish continuous physical presence, good moral character and hardship to a qualifying relative to be eligible for relief).

Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we conclude that the BIA properly denied Petitioners' motion to remand based on ineffective assistance of counsel for failure to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), *see Reyes v. Ashcroft,* 358 F.3d 592, 597–98 (9th Cir. 2004) (compliance with *Lozada* is necessary where ineffective assistance is not plain on the face of the record).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.