Ma Del Carmen MIRANDA–LEYVA
and Sirley Anahid Locia Miranda,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–75803.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2007.*

Filed June 12, 2007.

Juan Laguna, Santa Ana, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin K. Edison, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

■ The evidence presented with the motion to reopen concerned the same hardship grounds as the applications for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that Miranda–Leyva failed to establish the requisite hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 600, 602–03 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (internal quotations and brackets omitted).

■ The BIA did not abuse its discretion in denying the motion to reopen for failure to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). In addition, the prejudice petitioners alleged from ineffective assistance of counsel, the inability to pursue an appeal from the Immigration Judge's decision with fully-developed evidence, was cured by the BIA's acceptance of petitioners' late notice of appeal. Petitioners did not provide an affidavit alleging further prejudice. *See Reyes v. Ashcroft,* 358 F.3d 592, 597–98 (9th Cir.2004).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.