**Jose Antonio Castro MARTINEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74167.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.[*]

Filed March 12, 2008.

Barbara J. Darnell, Sam H. Hasan, Los Angeles, CA, for Petitioner.

Robbin K. Blaya, Washington, DC, CAC–District Counsel, Los Angeles, CA, Ronald E. Lefevre, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM [**]

Jose Antonio Castro Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mand based on ineffective assistance of counsel and dismissing his appeal from an immigration judge's decision concluding that he abandoned his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000), and the denial of a continuance, *Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988). We review de novo claims of due process violations. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Castro Martinez's motion to remand based on ineffective assistance of counsel because Castro Martinez failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and the ineffective assistance was not plain on the face of the record, *see Reyes v. Ashcroft,* 358 F.3d 592, 597–98 (9th Cir.2004).

The BIA did not abuse its discretion in determining that Castro Martinez failed to establish good cause warranting a continuance where he had been granted a prior continuance for one year to prepare his application. *See Baires,* 856 F.2d at 91 ("[T]he decision to grant or deny continuances is in the sound discretion of the trial judge") (internal quotations omitted). It follows that Castro Martine has not shown a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

