Vladimir KESHISHYAN; Karine Sergey Keshishyan, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–77426.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

ed by 9th Cir. R. 36–3.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Vladimir Keshishyan, Bronson, MO, pro se.

Karine Sergey Keshishyan, Bronson, MO, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret K. Taylor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Vladimir Keshishyan, a native of Georgia and citizen of Armenia, and Karine Sergey Keshishyan, a native and citizen of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's order denying their motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir.2004), and review for substantial evidence the BIA's factual findings, *Flores–Chavez v. Ashcroft*, 362 F.3d 1150, 1155 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's findings that petitioners and their attorney both were served with the notice of the changed hearing date and the notice sent to petitioners was not returned as undeliverable; that the petitioners did not keep in contact with their attorney; and that petitioners have not made a claim of ineffective assistance of counsel pursuant to *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988). *See* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as "circumstances ... beyond the control of the alien"); *Reyes*, 358 F.3d at 596 (requiring *Lozada* compliance to establish exceptional circumstances due to ineffective assistance of counsel). The BIA therefore did not abuse its discretion by dismissing petitioners' appeal.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.