MEMORANDUM **
Priya Mala Sharma, a native and citizen of Fiji, petitions for review of two Board of Immigration Appeals’ (“BIA”) orders. In No. 06-73502, she seeks review of an order by the BIA dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In No. 07-72727, she seeks review of the BIA’s denial of a motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), we review for abuse of discretion the denial of a motion to reopen, Ordonez v. INS, 345 F.3d 777, 782 (9th Cir.2003), and we review de novo constitutional claims, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petitions for review.
Substantial evidence supports the IJ’s determination that Sharma failed to demonstrate that the harassment she experienced rose to the level of past persecution. See Singh v. INS, 134 F.3d 962, 967-69 (9th Cir.1998). Substantial evidence also supports the IJ’s determination that Sharma failed to establish an objective fear of future persecution where she fears a generalized harm or random possibility of persecution. See id. at 969. Thus, Sharma’s asylum claim fails.
Because Sharma did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. See Zehatye, 453 F.3d at 1190.
Substantial evidence supports the BIA’s finding that Sharma failed to demonstrate that it is more likely than not that she will be tortured if she returns to Fiji. See Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
We reject Sharma’s contention that the BIA violated due process by failing to reach the merits of her assertion of ineffective assistance of counsel because she did not comply with the hozada requirements, see Reyes v. Ashcroft, 358 F.3d 592, 597 (9th Cir.2004), and it is not clear and obvious from the face of the record that her previous representative was ineffective, cf. Castillo-Perez v. Ashcroft, 212 F.3d 518, 525-26 (9th Cir.2000). Nor is her contention that the IJ violated due process by failing to consider her late-submitted evidence availing, where the IJ specifically referred to that evidence in her opinion. See Almaghzar v. Gonzales, 457 F.3d 915, 922 (9th Cir.2006). Furthermore, Sharma has not demonstrated that the IJ exhibited bias or prejudice that may have affected the outcome of the proceedings. See Rivera v. Mukasey, 508 F.3d 1271, 1276 (9th Cir.2007). Accordingly we deny petition No. 06-73502.
Sharma filed her motion to reopen outside the ninety-day period set forth in 8 C.F.R. § 1003.2(c)(2). She contends that the untimely motion is excused by changed country conditions in Fiji, but Sharma failed to present material evidence of changed country conditions material to her case, and the generalized evidence and affidavit attached to her motion does not establish a prima facie case of eligibility for asylum-related relief. See Ordonez, *386 345 F.3d at 785, see also Lolong v. Gonzales, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). The BIA, therefore, did not abuse its discretion in denying the motion to reopen.
Lastly, we reject Sharma’s contention that the BIA violated her due process rights by disregarding the evidence included with her motion because it is not supported by the record. See Almaghzar, 457 F.3d at 922. Accordingly, we deny petition No. 07-72727.
PETITIONS FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.