NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINE MOVSISYAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-70170 <br><br> Agency No. A097-371-269 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Marine Movsisyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

and reissue based on ineffective assistance of counsel.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen and reissue on the ground that Movsisyan failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988).  The record contains no evidence that Movsisyan notified her former counsel of the charges, or provided him with an opportunity to respond.  *See Reyes v. Ashcroft*, 358 F.3d 592, 594 (9th Cir. 2004).  Moreover, the face of the record does not show a "clear and obvious case of ineffective assistance of counsel."  *Cf. Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000).  It follows that the BIA did not violate Movsisyan's due process by denying her ineffective assistance of counsel claim.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**