**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID J. CONCHA,

        Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

        Respondent.

No. 04-75337

Agency No. A073-959-672

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW,[**]
District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

David J. Concha petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's denial of his untimely motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We **GRANT** the request for judicial notice of the 2007 approval of the Form I-130 Petition for Alien Relative filed on Concha's behalf by his mother, a naturalized U.S. citizen. However, our review of agency action is generally limited to issues first raised in administrative proceedings below. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The I-130 was approved several years after the BIA issued its decision, and is, therefore, not relevant to our review of the denial of the motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir. 2004). The BIA did not abuse its discretion in denying Concha's motion to reopen for failure to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), where Concha failed to provide an affidavit describing his agreement with counsel and failed to file a state bar complaint or explain why such a complaint was not filed. *See Reyes*, 358 F.3d at 596 (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). Nor was ineffective assistance of counsel plain on the face of the

2

record, excusing compliance with *Matter of Lozada*. *See id.* at 597–98. An unfortunate result is insufficient to demonstrate "obvious and undisputed" ineffective assistance of counsel. *See id.* at 597. Concha has consistently failed to point to any evidence *in the record* supporting his claim of ineffective assistance of counsel at his original immigration hearing in 1996. Therefore, the petition for review is **DENIED** without prejudice to Concha's ability to pursue any remedies that may now be available due to the approval of the I-130.

Attorney Serena Siew's motion to withdraw as counsel is **DENIED** without prejudice to its renewal when substitute counsel is identified and appears to replace her.

**PETITION FOR REVIEW DENIED.**