**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUAYUN LIAO,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 06-71793<br><br>Agency No. A079-277-349<br><br>MEMORANDUM[*] |
| HUAYUN LIAO,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 06-74158<br><br>Agency No. A079-277-349 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 5, 2010[**]
San Francisco, California

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District Judge.[***]

Huayun Liao, a native and citizen of China, petitions for review of two decisions of the Board of Immigration Appeals (BIA): (1) an order affirming an immigration judge (IJ), which denied his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on an adverse credibility finding, and (2) an order denying Liao's motion to reopen proceedings based on the ineffective assistance of his trial counsel and first counsel on appeal to the BIA. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petitions for review.

Though many of the IJ's credibility findings are not justifiable, there is substantial evidence to support the adverse credibility determination. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Although Liao's written declaration stated he was detained by the police and forced to write a confession on both January 27 and February 27, 2001, Liao testified only that he was made to write a statement on February 27. Even if Liao testified that he didn't "confess" on January 27 because of the way "confession" was translated, this doesn't explain why he failed to testify on direct or cross-examination that he was required to write a statement *of some sort* on January 27. Although "faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based," *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003), substantial evidence shows that the inconsistency between Liao's written application and testimony had more to do with prevarication than errors in translation, *cf. Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004). Further, the IJ's adverse credibility determination was buttressed by the IJ's demeanor finding, which was supported by substantial evidence and specifically and cogently referred to the non-credible aspects of Liao's demeanor. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003).

In the absence of credible testimony, we deny the petition as to Liao's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Liao's CAT claim is based entirely on his testimony

3

of past persecution that was found not credible, we also deny the petition as to his CAT claim. *See id.* at 1156-57.

The BIA did not abuse its discretion in denying Liao's motion to reopen based on ineffective assistance of counsel for either his trial or appellate counsel. Liao's trial counsel was not ineffective. None of Liao's alleged errors by Liao's trial counsel "'prevented [Liao] from reasonably presenting his case.'" *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002) (citation omitted). Furthermore, Liao's counsel's failure to properly pursue an I-130 visa petition did not affect the fairness of Liao's removal proceedings. *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir. 2008). As to appellate counsel, Liao's argument must also fail, because he failed to comply with *In re Lozada*, 19 I & N Dec. 637 (BIA 1988). *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004).

PETITIONS DENIED.