**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BATARA KRISHNA HARIANJA, | No. 08-73203 |
| Petitioner, | Agency No. A078-020-410 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Batara Krishna Harianja, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency acted within its discretion in denying Harianja's motion based on ineffective assistance of counsel because he failed to file a state bar complaint, *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), the alleged ineffective assistance is not plain on the face of the record, *see Reyes v. Ashcroft*, 358 F.3d 592, 597-99 (9th Cir. 2004), and, therefore, he did not establish that his failure to appear was on account of exceptional circumstances, *see* 8 C.F.R. § 1003.23(b)(4)(ii). It follows that Harianja's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

We lack jurisdiction to consider the letter attached to Harianja's opening brief because it is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir. 2004) (the court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**