FILED

OCT 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO CARLOS SOLORZANO-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 08-74346<br>10-72185<br><br>Agency No. A075-568-885<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

In these consolidated petitions for review, Roberto Carlos Solorzano-

Rodriguez, a native and citizen of Mexico, petitions pro se for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"), as well as the BIA's order denying his subsequent motion to reopen. We review de novo questions of law, and for substantial evidence the agency's factual findings. *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005). We review for abuse of discretion the denial of a motion to reopen. *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir. 2004). We deny the petitions for review.

The agency properly determined that Solorzano-Rodriguez is removable as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) based on his 2005 conviction for possession of marijuana for sale in violation of California Health and Safety Code § 11359. *See Rendon v. Mukasey*, 520 F.3d 967, 975-76 (9th Cir. 2008). Because the 2005 conviction is an aggravated felony, the agency did not err in concluding that Solorzano-Rodriguez is not eligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i).

Substantial evidence supports the agency's denial of Solorzano-Rodriguez's application for withholding of removal because he failed to demonstrate a clear probability of persecution on account of any protected ground. *See Ochoa*, 406 F.3d at 1170. Substantial evidence also supports the agency's denial of Solorzano-Rodriguez's application for CAT relief because he failed to demonstrate that it is more likely than not he will be tortured with the consent or acquiescence of the

government if he returns to Mexico. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

The BIA did not abuse its discretion in denying Solorzano-Rodriguez's motion to reopen on the grounds that he failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *see Reyes*, 358 F.3d at 597, and failed to provide meaningful evidence of a likelihood of torture, *see* 8 C.F.R. §1003.2(c)(1) (providing that a motion to reopen "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material").

**PETITIONS FOR REVIEW DENIED.**