**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHONGJIE GUO, a.k.a. Zhong Jie Guo, a.k.a. Zhongjif Guo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74117 <br><br> Agency No. A099-054-172 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Zhongjie Guo, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo claims of due process violations in removal proceedings. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on inconsistencies within Guo's testimony, and between his testimony and asylum application regarding his introduction to Christianity and his baptism. *See Shrestha*, 590 F.3d at 1048 ("In the totality of circumstances it was a reasonable adverse credibility determination, grounded in the record and based on real problems with Shrestha's testimony, not mere trivialities."). Accordingly, in the absence of credible testimony, we deny the petition as to Guo's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of CAT protection because Guo's CAT claim is based on the same statements the agency found not credible, and he fails to point to any other evidence in the record that compels the

conclusion it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57. Accordingly, Guo's CAT claim fails.

Further, the BIA correctly found the record did not show improper conduct by the IJ in questioning Guo. *See* 8 C.F.R. § 1003.10(b) (IJ "shall . . . interrogate, examine, and cross-examine aliens"); 8 C.F.R. § 1003.36 (IJ "shall create and control the Record of Proceedings"). The BIA also properly rejected Guo's claim that his counsel performed poorly because he did not meet the procedural requirements for an ineffective assistance of counsel claim. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-98 (9th Cir. 2004) (upholding application of *Lozada* requirements where record provided little support for petitioner's factual allegations and where petitioner offered no reason for failure to comply). Accordingly, we reject Guo's claim that he was denied a meaningful opportunity to establish his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on due process challenge to immigration proceedings).

Finally, we deny both Guo's request for oral argument and his request for attorney's fees under the Equal Access to Justice Act.

**PETITION FOR REVIEW DENIED.**

08-74117