**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ANTONIO RODRIGUEZ-SIERRA, a.k.a. Jaime Rodriguez, a.k.a. Jaime Anthony Rodriguez, a.k.a. Jaimes Rodriquez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-73688<br><br>Agency No. A090-183-626<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Jaime Antonio Rodriguez-Sierra, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and dismissing his appeal from an immigration judge's removal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims based on ineffective assistance of counsel. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Rodriguez-Sierra does not challenge the agency's finding that he is removable as an aggravated felon under 8 U.S.C. § 1101(a)(43)(R), and as an alien convicted of a controlled substance violation under 8 U.S.C. § 1227(a)(2)(B)(i). His removability on these grounds limits our jurisdiction to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D).

The agency did not err in determining that Rodriguez-Sierra did not establish an ineffective assistance of counsel claim where he did not meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-98 (9th Cir. 2004).

Rodriguez-Sierra's contention concerning a hardship waiver does not raise a colorable question of law sufficient to invoke the court's jurisdiction.

We lack jurisdiction over Rodriguez-Sierra's remaining contentions because he failed to raise them before the BIA, and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.

2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-73688