FILED

**NOT FOR PUBLICATION**

JUL 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJWINDER KAUR, AKA Rajwinder Atwal, <br><br>         Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>         Respondent. | No. 12-70801 <br><br> Agency No. A075-708-722 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Rajwinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her second motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and review de novo questions of law,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

including claims of due process violations due to ineffective assistance. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's second motion to reopen as time- and number-barred, where Kaur filed the motion over four years after her order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (motion to reopen must be filed within ninety days of final order of removal), and where Kaur has not established that she was entitled to equitable tolling of the filing deadline due to ineffective assistance of counsel, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error"). Accordingly, Kaur's claim that her right to due process was violated when the BIA declined to reopen her case fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We reject Kaur's contention that the BIA improperly required her to "litigate the allegations of ineffective assistance of counsel." *See Reyes v. Ashcroft*, 358 F.3d 592, 598-99 (9th Cir. 2004) (discussing requirement that counsel have

opportunity to respond to ineffective assistance claims raised in a motion to reopen).

In her opening brief, Kaur does not address, and therefore has waived any challenge to, the BIA's determination that she failed to demonstrate a material change in circumstances in India sufficient to qualify for exceptions to the filing limitations, and to the BIA's decision not to exercise its sua sponte authority to reopen the proceedings. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED.**