**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDARDO ARISTIDES RIVAS-CAMPOS,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 14-70374<br><br>Agency No. A029-148-096<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Medardo Aristides Rivas-Campos, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rivas-Campos's motion to reopen as untimely, where it was filed over 90 days after the agency's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), Rivas-Campos failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not plain on the face of the administrative record, *see Reyes v. Ashcroft*, 358 F.3d 592, 596-99 (9th Cir. 2004) (no abuse of discretion in denying motion to reopen where alien failed to comply with *Lozada* and ineffectiveness was not plain on the face of the record).

We do not consider Rivas-Campos's unexhausted contention that he has now substantially complied with the procedural requirements of *Lozada*. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

In light of this disposition, we need not reach Rivas-Campos's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-70374