**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DHANANJAY KUMAR MEHTA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-72157

Agency No. A096-044-969

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Dhananjay Kumar Mehta, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The agency found Mehta not credible based on multiple inconsistencies in the record, including significant inconsistencies regarding whether he was a member of Ranvir Sena. Substantial evidence supports the agency's adverse credibility determination under the totality of the circumstances. *See Shrestha*, 590 F.3d at 1048. The agency reasonably rejected Mehta's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We reject Mehta's contention that he was ineffectively assisted by prior counsel. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-98 (9th Cir. 2004) (requiring compliance with *Matter of Lozada* where alleged ineffective assistance of counsel was not obvious and undisputed on the face of the record). In the absence of credible testimony, Mehta's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Mehta's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to India. *See id.* at 1156-57.

Finally, we reject Mehta's contentions that his due process rights were violated. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

13-72157