**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ANIBAL PEREZ-FELIX, | No. 14-72207 |
| Petitioner, | |
| v. | Agency No. A205-414-292 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Edgar Anibal Perez-Felix, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). We deny the petition for review.

The agency did not abuse its discretion in denying Perez-Felix's motion to reopen as untimely, where it was filed over seven months after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (motion to reopen and rescind must be filed within 180 days), and Perez-Felix did not meaningfully challenge before the BIA the IJ's finding that he failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing due to deception, fraud, or error, and who exercises due diligence in discovering such circumstances); *Singh v. INS*, 213 F.3d at 1054 n. 8 (counsel's statements in briefs are not evidence).

Nor did the agency abuse its discretion or violate due process in concluding Perez-Felix's ineffective assistance claim was not properly before it, because Perez-Felix had failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 594, 597-98 (9th Cir. 2004) (noting the importance of the notice and affidavit

requirements in assessing the merits of an ineffective assistance of counsel claim); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, a petitioner must show error and substantial prejudice).

In light of our disposition, we need not address Perez-Felix's remaining contentions regarding *Matter of Lozada* and his allegation that his attorney rendered ineffective assistance.

**PETITION FOR REVIEW DENIED.**