**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE BLANCO MALDONADO, | No. 12-71182 |
| Petitioner, | Agency Nos. A094-802-146 |
| v. | A094-802-148 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

Josue Blanco Maldonado, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") that denied his

appeal from a decision of an Immigration Judge ("IJ") that denied his motion to

reconsider the denial of his motion to reopen. We deny the petition for review.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Thomas I. Vanaskie, United States Circuit Judge for
the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Our jurisdiction is governed by 8 U.S.C. § 1252. "We review BIA rulings on motions to reopen and reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) (citations omitted). The agency did not abuse its discretion by denying Maldonado's appeal, where his motion to reconsider failed to establish any error of law or fact with respect to the denial of the motion to reopen for his failure to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See* 8 C.F.R. § 1003.23(b)(2).

"[W]e have dispensed with the *Lozada* obligations where counsel's ineffective assistance was obvious and undisputed on the face of the record." *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) (citations omitted). We have also held that "the *Lozada* command is not warranted if [the] petitioner shows 'diligent efforts' to comply were unsuccessful due to factors beyond petitioner's control." *Id.* (citation omitted). Here, however, Maldonado has not shown that his failure to comply with the *Lozada* requirements was due to factors beyond his control.

The premise for Maldonado's motion to reopen was that an attorney failed to file an appeal on his behalf. According to Maldonado, he could not provide specific evidence to support his ineffective assistance of counsel claim because he could not remember the name of the attorney who said an appeal would be filed.

Maldonado also claimed that his family was unable to assist him in identifying this attorney because Maldonado was in custody. Notably, however, Maldonado provides two different accounts regarding his hiring of the unnamed attorney. In these two accounts, a consistent fact is that the unnamed attorney was recommended to Maldonado by a known individual, either attorney Gloria Weil-Herrera or a different Gloria, who was a receptionist at one of the offices that had worked on Maldonado's case. Thus, because Maldonado knew who recommended him to this unnamed attorney, we are hard-pressed to find that Maldonado displayed diligent efforts to comply with *Lozada* when Maldonado's current attorney–who represented Maldonado during the motion to reopen–could have simply contacted Weil-Herrera and the other Gloria to get the name of the unnamed attorney who was allegedly supposed to file Maldonado's appeal.

Accordingly, contrary to Maldonado's contention, the BIA did not abuse its discretion in finding that ineffective assistance of counsel was not apparent on the face of the record, where Maldonado failed to provide any information about the identity of the attorney who allegedly failed to file an appeal to the BIA in his original proceedings. *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (finding failure to comply with *Lozada* was fatal to alien's ineffective assistance claim, where ineffectiveness was not plain on the face of the record

because alien failed to provide any information regarding former counsel).

**PETITION FOR REVIEW DENIED**