**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO LOPEZ-GARCIA, | No.    14-72453 |
| Petitioner, | Agency No. A200-898-337 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

Jose Antonio Lopez-Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his motion to reopen removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a motion to reopen and review de novo questions of law. *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011). We deny the petition for review.

As to Lopez-Garcia's contentions regarding ineffective assistance of counsel, the agency did not err in denying Lopez-Garcia's motion to reopen where he failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and any ineffective assistance was not plain on the face of the record, *see Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000); *see also Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) (ineffective assistance of counsel claim failed where petitioner did not submit a personal affidavit outlining his agreement with his former attorney and describing the attorney's alleged misconduct, and there was no evidence petitioner's former attorney had been notified of his ineffective assistance allegations).

As to Lopez-Garcia's remaining contentions, the agency did not abuse its discretion in denying his motion to reopen where he failed to set forth evidence that was material and not available and could not have been discovered or presented at Lopez-Garcia's former immigration hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) ("If [the

evidence sought to be offered] was available or capable of being discovered at [the former hearing], it cannot provide a basis for reopening.") (citation omitted).

**PETITION FOR REVIEW DENIED.**