**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEOVANNY ESPEJEL HURTADO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-70907

Agency No. A200-158-327

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2020[**]
Pasadena, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit
Judges.

Petitioner Geovanny Espejel Hurtado ("Hurtado") petitions for review of a

Board of Immigration Appeals ("BIA") order denying his late-filed motion to

reopen.  Hurtado moved to reopen his case on the basis of ineffective assistance of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

counsel. He also argued that the immigration judge ("IJ") presiding over his proceedings abused her discretion in denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. A BIA denial of a motion to reopen is reviewed for abuse of discretion and "is only reversed if it is arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (internal quotation marks and citation omitted).

1. The BIA did not abuse its discretion in holding that Hurtado's motion to reopen was untimely. Hurtado did not show that he exercised the due diligence needed to toll the deadline, as he presented no evidence in his motion to reopen demonstrating reasonable steps to investigate his immigration attorney's shortcomings or to pursue relief, and no such evidence is contained in the administrative record. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (describing factors for assessing due diligence).

Hurtado also failed to comply with any of the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). While in practice we have been flexible in requiring the *Lozada* factors, and have dispensed with them "where counsel's ineffective assistance was obvious and undisputed on the face of the record," *Reyes v.*

2

*Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004), the record before us contains no evidence of such error.

2.  Hurtado alleges that the IJ abused her discretion in denying his request for a continuance in his underlying removal proceedings.  Hurtado appealed the IJ's decision to the BIA, which affirmed the IJ's denial.  But he did not petition the Ninth Circuit for review from the BIA's order.  Hurtado now attempts to use the BIA's denial of his motion to reopen as a vehicle to re-litigate this old argument.  Absent changed circumstances that would support a motion to reopen, he was required to raise this argument in a petition from the BIA's decision.  The thirty-day limitation period has run on the only petition through which Hurtado could have sought review of the IJ's continuance denial.  *See* 8 U.S.C. § 1252(b)(1).

3.  Finally, Hurtado argues that the appointments of  IJs and members of the BIA do not satisfy the Appointments Clause of the U.S. Constitution, and that these individuals therefore lacked jurisdiction to order and affirm his removal.  Hurtado also claims that the absence of a statutory provision permitting removal of IJs and members of the BIA suggests they are not sufficiently subject to removal by the President.  Hurtado did not exhaust these arguments with the agency.  However, 8 U.S.C. § 1252(a)(2)(D) allows courts of appeals to hear constitutional claims or questions of law raised in a petition for review.  *See also Freytag v.*

3

*Comm'r*, 501 U.S. 868, 878–79 (1991) (noting that "Appointments Clause objections to judicial officers" are "in the category of nonjurisdictional structural constitutional objections," and as such can "be considered on appeal whether or not they were ruled upon below").

The Appointments Clause establishes three categories of federal-agency personnel: principal officers, inferior officers, and non-officer employees. U.S. CONST. art. II, § 2, cl. 2; *see also Silver v. U.S. Postal Serv.*, 951 F.2d 1033, 1036–37 (9th Cir. 1991) (discussing all three). "[T]he President must seek the advice and consent of the Senate to appoint principal officers." *Stanley v. Gonzales*, 476 F.3d 653, 659 (9th Cir. 2007). For inferior officers, Congress can diverge from this default and by law vest appointment in the President alone, courts, or agency heads. *Id.* "Individuals who are merely employees of the United States government do not implicate the Appointments Clause." *Silver*, 951 F.2d at 1037.

IJs and members of the BIA are inferior officers whose appointments do not offend the Constitution. They are officers rather than mere employees because they are adjudicative officials who exercise significant authority. *See Lucia v. SEC*, 138 S. Ct. 2044, 2051–55 (2018) (distinguishing officers from non-officers); *Freytag*, 501 U.S. at 881–82 (same). However, they are inferior rather than

4

principal officers because they are subject to both judicial and managerial supervision. *See Edmond v. United States*, 520 U.S. 651, 662–66 (1997) (distinguishing principal officers from inferior officers). Their appointments do not violate the Appointments Clause because IJs and BIA members are both appointed by the Attorney General through authority granted by Congress. *See* 8 U.S.C. § 1101(b)(4) (requiring appointment of IJs by the Attorney General); 8 U.S.C. § 1103(g)(2) (granting the Attorney General power to "establish such regulations" and "review . . . administrative determinations in immigration proceedings"); 8 C.F.R. § 1003.1(a)(1) (providing that BIA "members shall be attorneys appointed by the Attorney General to act as the Attorney General's delegates in the cases that come before them").

Nor is the lack of a statutory scheme regarding the removal of BIA members and IJs unconstitutional. "[A]s a matter of statutory interpretation, . . . absent a 'specific provision to the contrary, the power of removal from office is incident to the power of appointment.'" *Carlucci v. Doe*, 488 U.S. 93, 95 (1988) (quoting *Keim v. United States*, 177 U.S. 290, 293 (1900)). Hurtado identifies no restriction on the Attorney General's ability to remove the IJs and BIA members that it is empowered to appoint. Accordingly, we do not agree with Hurtado's contention that IJs and BIA members are not sufficiently removable.

The petition is **DENIED**.