NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTEMIA MARTINEZ-MEZA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70577 <br><br> Agency No. A079-287-473 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 25, 2022[**]
Pasadena, California

Before: TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

Artemia Martinez-Meza, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") denying her motion to

reopen removal proceedings based on ineffective assistance of counsel. We have

jurisdiction under 8 U.S.C. § 1252, and we review the decision for an abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion.  We deny the petition.

The BIA's denial of Martinez-Meza's motion did not constitute an abuse of discretion.  In general, a movant seeking reopening based on ineffective assistance of counsel grounds must substantially comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  *Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004).  When "[t]he face of the record shows a clear and obvious case of ineffective assistance of counsel," however, the *Lozada* requirements are not dispositive.  *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000).  Here, it is undisputed that Martinez-Meza did not comply with the *Lozada* requirements.  And, despite her suggestion to the contrary, ineffective assistance of counsel is not clear from the face of the record.  Thus, the BIA did not err in denying her motion for failure to comply with *Lozada*.

**PETITION DENIED.**