NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JESSICA MAYELA LARIN
DIAZ; KARINA ELIZABETH
BARAHONA DIAZ; HENRY STANLEY
LEIVA LARIN,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 23-4270

Agency Nos.
A241-941-516
A241-941-518
A241-942-517

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2025
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.[**]

Petitioners Jessica Mayela Larin Diaz, her minor son Henry Stanley Leiva

Larin, and her sister Karina Elizabeth Barahona Diaz seek review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Immigration Appeals' (BIA) dismissal of their appeal of an Immigration Judge's (IJ) denial of their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

1. Petitioners disclaim that they are making an ineffective-assistance-of-counsel argument, but ineffective assistance of counsel is an obvious issue in this case. Petitioners' counsel both failed to appear at Petitioners' removal hearing and wrongly advised Petitioners that they need not appear themselves. As a result, Petitioners were ordered removed *in absentia*. The counsel who misadvised Petitioners continued to represent them and denied that he provided ineffective assistance. Nonetheless, both the IJ and the BIA recognized that Petitioners may have received ineffective assistance of counsel. The BIA, however, declined to grant the motion to reopen on that basis because it concluded that Petitioners had "not complied with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), to document such a claim."[1] Petitioners do not challenge that determination before this court; notably, the counsel who misadvised them

---

[1] To demonstrate ineffective assistance of counsel in the immigration context, a petitioner must ordinarily comply with *Matter of Lozada*, which requires the petitioner to (1) "submit an affidavit to the BIA explaining" the scope of the representation; (2) "notify counsel of the allegations and allow counsel to respond"; and (3) "file a complaint against counsel with the 'appropriate disciplinary authorities,' such as the state bar (or explain why such a complaint was not filed)." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (quoting *Lozada*, 19 I. & N. Dec. at 639).

continues to represent them.

Petitioners argue that the agency should have considered counsel's error as part of the exceptional circumstances analysis, regardless of whether there was substantial compliance with *Matter of Lozada*. After the agency ruled on Petitioners' motion to reopen and the associated appeal in April and November 2023, we held in *Singh v. Garland* that "[s]ubstantial compliance with the *Lozada* factors is not required for consideration of an attorney's involvement as it relates to the totality of the circumstances." 117 F.4th 1145, 1151 (9th Cir. 2024). The totality of the circumstances inquiry stems from a specific statute, 8 U.S.C. § 1229a(b)(5)(C)(i), whereas substantial compliance "with the *Lozada* factors only bears on the viability of ineffective assistance of counsel as an independent basis for rescission of the *in absentia* removal order" based on an alien's Fifth Amendment right to due process. *Id.*; *see Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). We therefore grant the petition and remand to the agency for further consideration of Petitioners' reliance on their attorney's advice as it relates to the totality of the circumstances under § 1229a(b)(5)(C)(i). *See Singh*, 117 F.4th at 1151.

2. Even though Petitioners need not satisfy the *Lozada* factors under the totality of the circumstances inquiry, the factors serve important policy goals. *See Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004). As relevant here, one such

goal is the promotion of professional responsibility among attorneys. *Id.* To effectuate this goal, we will exercise our authority to sua sponte refer Petitioners' counsel to the State Bar of California to evaluate potential attorney misconduct. The Clerk's Office shall serve a copy of this disposition (along with the agency's decisions and Petitioners' briefs before the agency and this court) on the State Bar of California.

Because we grant the petition and remand for further consideration consistent with *Singh*, we need not address Petitioners' other arguments.

**PETITION GRANTED AND REMANDED.**